UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

DAVID BORDEN, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

EFINANCIAL, LLC, a Washington Limited Liability Company,

Defendant.

Case No.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S. C. § 227

DEMAND FOR JURY TRIAL

Comes now plaintiff DAVID BORDEN, individually, and on behalf of all others similarly situated (or "Plaintiff") alleges as follows:

## I. PARTIES

1. Plaintiff, David Borden, is the subscriber assigned to, and exclusively uses and maintains, the cell phone that was sent text messages from Defendant or Defendant's agents. Plaintiff successfully registered this phone number with the National Do-Not-Call Registry on July 15, 2003.



DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

2. Defendant, eFinancial, LLC, is a Washington Limited Liability Company with its principle place of business located in the Western District of Washington at 13810 SE Eastgate Way, #300, Bellevue, WA 98005.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 47 U.S.C. § 227(b)(3), 47 U.S.C. § 227(c)(5), 28 U.S.C. § 1331 and 28 U.S.C. § 1391.

4. Defendant is a Washington Limited Liability Company with its principal place of business located in the Western District of Washington. As such, this Court has personal jurisdiction over Defendant and venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## III. PRELIMINARY STATEMENT

5. The Telephone Consumer Protection Act, as amended, 47 U.S.C. § 227 ("TCPA"), is a consumer protection statute that confers on Plaintiffs the right to be free from certain harassing and privacy-invading conduct, including, but not limited to, sending text messages using an ATDS or sending text messages to persons and entities on the National Do-Not-Call Registry, and authorizes an award of damages whenever a violation occurs. The TCPA provides a private right of action and statutory damages for each violation. Congress and the Federal Communications Commission ("FCC") created the TCPA and its implementing regulations in response to immense public outcry about unwanted text messages and robocalls.

6. This is a class action lawsuit alleging that Defendant, eFinancial, LLC ("eFinancial"), violated the Telephone Consumer Protection Act and implementing regulations by (1) using an automatic telephone dialing system ("ATDS") when it sent Plaintiff and the



DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

putative class members text message advertisements without obtaining Prior Express Written Consent; or (2) sending text messages to Plaintiff and other putative class members on the National Do-Not-Call Registry to promote its products and services without obtaining prior express invitation or permission evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which text messages may be sent ("Requisite Do-Not-Call Permission"). By sending text message advertisements to Plaintiff and the putative class members without their Prior Express Written Consent, or by sending text messages to Plaintiff and the putative class members on the National Do-Not-Call Registry without obtaining Requisite Do-Not-Call Permission, Defendant invaded the privacy rights and right to seclusion of Plaintiff and the putative class members.

7. Plaintiff, individually and on behalf of all others similarly situated, sues the Defendant for its actions that violate the TCPA and invaded their right to privacy and seclusion, which it benefited from, and which arise from text messages sent to Plaintiff and the putative class members in order to advertise the commercial availability or quality of Defendant's products and services and encourage the purchase or rental of property, goods, or services ("eFinancial Insurance Text Messages").



DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

## IV. GENERAL ALLEGATIONS

8. Between January 2, 2019, and January 23, 2019, Plaintiff was sent multiple eFinancial Insurance Text Messages to his cell phone while at work during business hours:






DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737




9. The short code listed on the text messages sent to Plaintiff is 95578. The U.S. Short Code Directory identifies this short code as a dedicated, non-vanity short code owned and controlled by Defendant eFinancial.



DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

10. Upon information and belief, Defendant or a third party on Defendant's behalf used an ATDS to send the eFinancial Insurance Text Messages to Plaintiff and other persons and entities.

11. Upon information and belief, the ATDS used to send the eFinancial Insurance Text Messages has the present capacity to store lists of numbers and send text messages to those numbers automatically.

12. Upon information and belief, the ATDS used to send the eFinancial Insurance Text Messages has the present capacity to dial and store random and sequential numbers and it can send text messages without human intervention.

13. Pursuant to the TCPA and its implementing regulations, 47 C.F.R. 64.1200(f)(8), text messages that constitute advertising or telemarketing that are sent with the use of an ATDS may not be sent to persons or entities without obtaining Prior Express Written Consent. The requisite consent is not effectuated without first obtaining a written agreement signed by the person or entity being texted that states: "(A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services."

14. Defendant, or a third party on Defendant's behalf, sent the eFinancial Insurance Text Messages despite not obtaining the requisite Prior Express Written Consent from the Plaintiff or putative class members.






A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

15. Upon information and belief, Defendant also sent the eFinancial Insurance Text Messages to Plaintiff and other persons and entities on the National Do-Not-Call Registry.

16. Pursuant to the TCPA and its implementing regulations, telephone solicitations may not be placed to persons and entities that are registered with the National Do-Not-Call Registry at least 30 days prior to being contacted more than once within a 12-month period, and without obtaining prior express invitation or permission evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the text messages may be sent ("Requisite Do-Not-Call Permission").

17. However, Defendant sent the eFinancial Insurance Text Messages despite the fact that Plaintiff's and other putative class members' phone numbers were on the National Do-Not-Call Registry, and without obtaining the Requisite Do-Not-Call Permission of Plaintiff or the other putative class members.

18. These actions violate the TCPA and are an invasion of privacy and right to seclusion.

19. Plaintiff's employment requires full-time use of his cellular phone, and, as part of his employment, Plaintiff must keep his cellular phone active at all times so that he can receive work-related phone calls, emails, and text messages. The eFinancial Insurance Text Messages sent by Defendant caused disruption and distraction to Plaintiff's personal and business activities.

20. By sending the eFinancial Insurance Text Messages, Defendant further harmed Plaintiff and the members of the putative class by: (1) invading their privacy and right to seclusion; (2) wasting their time; (3) causing the risk of personal injury due to interruption and



DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

distraction; (4) forcing them to receive junk advertisements on their cellular phones causing aggravation and disruption of normal activities; (5) depleting a cell phone's or wireless phone's battery, resulting in increased electricity costs; and (6) intrusion upon and occupation of the capacity of a cell phone or wireless phone.

## V. CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action, pursuant to Rule 23(a) and 23(b)(3), Federal Rules of Civil Procedure, for statutory damages on behalf of itself and a class of all persons similarly situated.

22. Plaintiff brings this class action pursuant to the TCPA, and is a member of, and seeks to represent, a class of persons and entities ("Plaintiff Class") defined as:

> "All persons and entities whose telephone numbers were sent eFinancial Insurance Text Messages on or after September 6, 2015, where:
>
> 1) Defendant, or others on its behalf sent the eFinancial Insurance Text Messages using an ATDS to (i) advertise the commercial availability or quality of any property, goods, or services; or encourage the purchase or rental of property, goods, or services; (ii) where such persons' and entities' telephone numbers were assigned to a cellular phone service; and (iii) where Defendant failed to obtain Prior Express Written Consent from those persons and entities to send text messages using an ATDS; or
>
> 2) Defendant, or others on its behalf sent more than one eFinancial Insurance Text Messages within a 12-month period (i) to persons and entities who were registered with the National Do-Not-Call Registry for at least 30 days prior to being contacted; (ii) encouraging the purchase or rental of property, goods, or services; (iii) where such persons' and entities' telephone numbers were assigned to a cellular phone service; and (iv) where Defendants failed to obtain Requisite Do-Not-Call Permission from those persons and entities contacted."






A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

23. Class Size (Fed. R. Civ. P. 23(a)(1)): Plaintiff avers that the proposed class is in excess of 50 persons. The class size is so numerous that joinder of all members is impracticable.

24. Commonality (Fed. R. Civ. P. 23(a)(2)): There are questions of law and fact common to all members of the class. Common material questions of fact and law include, but are not limited to, the following:

a. whether Defendant (or another on its behalf) used an ATDS to send the eFinancial Insurance Text Messages to Plaintiff and other members of the class;

b. whether the eFinancial Insurance Text Messages constitute Advertisements;

c. whether the eFinancial Insurance Text Messages constitute Telemarketing;

d. whether Defendant violated the Telephone Consumer Protection Act and its implementing regulations by using (or having another on its behalf use) an ATDS to send eFinancial Insurance Text Messages to Plaintiff and the class members without obtaining Prior Express Written Consent;

e. whether Defendant violated the Telephone Consumer Protection Act and its implementing regulations by sending (or having another on their behalf send) the eFinancial Insurance Text Messages to Plaintiff and the class members where the numbers contacted were registered with the National Do-Not-Call Registry at least 30 days prior to being contacted more than once within a 12-month period, without obtaining Requisite Do-Not-Call Permission;

f. whether Plaintiff and the other members of the class are entitled to statutory damages; and






A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

g. whether Plaintiff and the other members of the class are entitled to treble damages.

25. Typicality (Fed. R. Civ. P. 23(a)(3)): The claims of the named Plaintiff are typical of the claims of all members of the class and are based on the same operative facts and legal theories. Plaintiff alleges that Defendant sent the same eFinancial Insurance Text Messages to Plaintiff and the other class members. Plaintiff raises questions of fact and law common to the class members. They share the common injuries of: (1) invading their privacy and right to seclusion; (2) wasting their time; (3) causing the risk of personal injury due to interruption and distraction; (4) forcing them to receive junk advertisements on their cellular phones causing aggravation and disruption of normal activities; (5) depleting a cell phone's or wireless phone's battery, resulting in increased electricity costs; and (6) intrusion upon and occupation of the capacity of a cell phone or wireless phone. Defendant has acted the same or in a similar manner with respect to each class member

26. Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4)): The named Plaintiff will fairly and adequately represent and protect the interests of the class members. Plaintiff is committed to this cause, will litigate it vigorously, and is aware of the fiduciary duties of a class representative. Plaintiff's interests are consistent with and not antagonistic to the interests of the other class members. Plaintiff has a strong personal interest in the outcome of this action and has retained experienced class counsel to represent his and the other class members.

27. Class Counsel is experienced in class action litigation and has successfully litigated class claims.

28. Predominance and Superiority (Fed. R. Civ. P. 23(b)(3)): A class action is superior to all other available methods for the fair and equitable adjudication of the controversy



DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

between the parties. Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a. proof of Plaintiff's claims will also prove the claims of the class members without the need for separate or individualized proceedings;

b. evidence regarding defenses or any exceptions to liability that Defendant may assert and prove will come from Defendant's records (or that of its agents who sent the eFinancial Insurance Text Messages) and will not require individualized or separate inquiries or proceedings;

c. Defendant has acted and may be continuing to act pursuant to common policies or practices by sending the eFinancial Insurance Text Messages to Plaintiff and the class members;

d. the amount likely to be recovered by individual class members does not support individual litigation;

e. a class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

f. this case is inherently manageable as a class action in that:

i. Defendant or its agent(s) identified the persons or entities to send the eFinancial Insurance Text Messages to and it is believed that Defendant's computer and business records, or those of its agents, will enable the Plaintiff to readily identify class members and establish liability and damages;






A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

ii. liability and damages can be established for the Plaintiff and for the class members with the same common proofs;

iii. statutory damages for violations of the TCPA are the same for each class member;

iv. a class action will result in an orderly and expeditious administration of claims and will foster economics of time, effort and expense;

v. a class action will contribute to uniformity of decisions concerning Defendant's practices; and

vi. as a practical matter, the claims of the class members are likely to go unaddressed absent class certification.

## VI. CAUSES OF ACTION

### Claim for Relief for Violations of the TCPA

29. Plaintiff reasserts and incorporates herein by reference the averments set forth in paragraphs 1 through 28, above.

30. Plaintiff brings this action against the Defendant for sending eFinancial Insurance Text Messages to Plaintiff and to members of the Plaintiff Class in violation of the TCPA and its implementing regulations.

31. Defendant violated the TCPA and implementing regulations 47 C.F.R. § 64.1200(a), by initiating or authorizing the sending of the eFinancial Insurance Text Messages to the phone numbers of Plaintiff and the members of the Plaintiff Class without receiving Prior Express Written Consent.



DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

32. Defendant violated the TCPA and implementing regulation 47 C.F.R. § 64.1200(c), by initiating or authorizing the sending of the eFinancial Insurance Text Messages to the phone numbers of Plaintiff and the members of the Plaintiff Class where such persons and entities were registered with the National Do-Not-Call Registry at least 30 days prior to being contacted by Defendants more than once within a 12-month period, and without obtaining Requisite Do-Not-Call Permission from Plaintiff or members of the Plaintiff Class

33. The named Plaintiff and members of the Plaintiff Class are entitled to $1,500 for each violation of each of the eFinancial Insurance Text Messages that violated 47 C.F.R. § 64.1200(a) and $1,500 for each of the eFinancial Insurance Text Messages that violated 47 C.F.R. § 64.1200(c), that was sent to them willfully or knowingly.

34. In the alternative, the named Plaintiff and members of the Plaintiff Class are entitled to $500 for each violation of each of the eFinancial Insurance Text Messages that violated 47 C.F.R. § 64.1200(a) and $500 for each of the eFinancial Insurance Text Messages that violated 47 C.F.R. § 64.1200(c), that was negligently sent to them.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant and requests an order:

A. certifying this action as a class action pursuant to Rule 23, appointing Plaintiff, David Borden, as the representative of the members of the class defined above, and appointing the undersigned as counsel for the members of the class;



DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 I f: 206.973.8737

B. finding that Defendant caused the eFinancial Insurance Text Messages to be sent to Plaintiff and to each class member in violation of the TCPA and its implementing regulations;

C. finding that Defendant is liable to pay statutory damages of $1,500 for each of the eFinancial Insurance Text Messages that violated 47 C.F.R. § 64.1200(a) and $1,500 for each of the eFinancial Insurance Text Messages that violated 47 C.F.R. § 64.1200(c) that was knowingly and willfully sent to Plaintiff and each class member;

D. finding that, in the alternative, Defendant is liable to pay statutory damages of $500 for each of the eFinancial Insurance Text Messages that violated 47 C.F.R. § 64.1200(a) and $500 for each of the eFinancial Insurance Text Messages that violated 47 C.F.R. § 64.1200(c) that was negligently sent to Plaintiff and to each class member;

E. entering a judgment in favor of the Plaintiff as representative of the members of the class for the total amount of statutory penalties plus pre-judgment interest and allowable costs;

F. requiring Defendant to pay a court appointed trustee the full amount of the penalties, interest and costs to be distributed to the class members after deducting costs and fees as determined by the Court;

G. awarding equitable reasonable attorneys' fees and costs incurred in connection in this action and an incentive bonus to Plaintiff, to be deducted from the total



DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

amount of penalties, interest and costs before the pro-rata amounts are distributed by the trustee for the class members; and

H. granting such other relief as may be appropriate, including entry of an Order enjoining Defendant from continuing such unlawful conduct.

VIII. JURY DEMAND

Plaintiff demands trial by jury on all issues that can be heard by a jury.

DATED this 6th day of September, 2019.

DBS | LAW

By _/s/ *Daniel J. Bugbee*______________
Daniel J. Bugbee, WSBA No. 42412
Dominique R. Scalia, WSBA No. 47313
155 NE 100th St., Suite 205
Seattle, WA 98125
Tel: (206) 489-3819
*Attorneys for Plaintiff*